148 So.2d 321 (1962)
Wilbert LEE, Plaintiff-Appellant-Appellee,
v.
Richard E. BROWN, Jr., Administrator, etc., Defendant-Appellant-Appellee.
No. 703.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Rehearing Denied January 17, 1963.
*322 C. O. Brown, Alexandria, for plaintiff-appellant-appellee.
Marion Weimer, Baton Rouge, and Melvin L. Bellar, Shreveport for defendant-appellant-appellee.
Before TATE, FRUGÉ and SAVOY, JJ.
TATE, Judge.
This is a suit by a claimant to review a determination by an administrative agency that he is not entitled to unemployment compensation *323 benefits. The trial court ordered the matter remanded to the agency's Board of Review for additional evidence to be taken, in order for the Board to make a redetermination of the claim in the light of this additional evidence.
Both the claimant and the Administrator of the Division of Employment Security appeal from the trial court judgment ordering the remand.
After the claimant was laid off, the employer reported that he had been discharged for reporting to work intoxicated on March 20, 1961, his last work-day. At the hearing before the appeals referee, the employer produced certain evidence which the referee held proved this charge. The claimant was therefore held to be disqualified from receiving unemployment compensation benefits because he had been discharged for misconduct connected with the employment. LSA-R.S. 23:1601(2). The Board of Review affirmed this finding.
On review by the courts, the findings of fact by the board are conclusive "if supported by sufficient evidence", LSA-R.S. 23:1634. At the judicial review, "no additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review" (and thereafter the board may modify its findings before filing the additional evidence with the court), LSA-R.S. 23:1634.
It is not seriously disputed that, as the trial court held, it is at least questionable whether "sufficient evidence" supports the agency determination that the claimant reported to work in an intoxicated condition.
The Administrator's able counsel contends, however, that it was the duty of the trial court to decide whether or not the evidence was sufficient to prove the disqualification, and, thereafter, either to affirm or to reverse the board's determination. It is pointed out that the aim of the unemployment compensation statute is to alleviate the hardships of lack of income during unemployment (LSA-R.S. 23:1471) and that the statutory scheme of the enactment calls for prompt disposition of claims and prompt payment of benefits if due (LSA-R.S. 23:1634, 1635).
Counsel earnestly contends that the efficient administration of the act, in the light of its fundamental aim, calls for the prompt decision on judicial review as to whether an employer has met his burden of proving at the administrative hearing an alleged disqualification of the worker to receive benefitsthat to authorize a remand when the employer has not met this burden of proof on his part does violence to a claimant's rights, rather than justice to all parties, especially since prior to the hearing the employer receives a formal notice that he must bring to it all witnesses with actual, direct, and personal knowledge of the facts relating to the claim.
The statutory provisions that a claimant be given notice and a fair hearing require a reasonable and substantial compliance with the principle of due process of law, including that the claimant be given prior notice of definite, certain, and specific disqualifying causes, which cannot be sufficiently proved by vague, uncertain, and indefinite testimony, or by testimony as to incidents other than those with which the claimant is charged by the prior formal notice. Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388; Washington v. Administrator, La.App. 2 Cir., 125 So.2d 27; Huddleston v. Brown, La.App. 2 Cir., 124 So.2d 225; King v. Brown, La.App. 2 Cir., 115 So.2d 405.
As the cited cases also indicate, "The burden is on the employer to prove his contention that the claimant is disqualified from receiving benefits," 81 C.J.S. Social Security and Public Welfare § 219, at p. 316. See also: Cooper's, Inc. v. Industrial Commission, 15 Wis.2d 589, 113 N.W.2d 425 (1962); Miller v. F. W. Woolworth Co., 359 Mich. 342, 102 N.W.2d 728 (1960); Ault v. Unemployment Compensation Board, 398 Pa. 250, 157 A.2d 375 *324 (1960); Little Rock Furniture Mfg. Co. v. Commissioner, 227 Ark. 288, 298 S.W.2d 56 (1957); Maywood Glass Co. v. Stewart, 170 Cal.App.2d 719, 339 P.2d 947 (1959); Arthur Winer, Inc. v. Review Board, etc., 120 Ind.App. 638, 95 N.E.2d 214 (1950).
In the light of these legal principles and in the context of the statutory enactment, therefore, we agree with the Administrator's contention that the employee is entitled to unemployment compensation when the employer does not prove the alleged disqualification with sufficient evidence at the hearing, just as in criminal proceedings the accused is entitled to an acquittal when insufficient evidence of guilt is produced at his trial. We further agree that in neither instance is a remand the appropriate or the statutorily-contemplated disposition of the insufficiently proven charge.
We are thus in accord with the Administrator's contentions urged in his brief that it is "inconsistent with the entire Employment Security Act to arbitrarily hold that a case may be remanded without placing some restrictions on this right to remand", and that "a remand should be permitted only in those instances where the parties have made a reasonable effort to carry their burdens, but, in spite of this reasonable effort, the court feels that it is not possible to make a determination which would do justice to all parties based on the evidence contained in the record.[1] A remand should not be permitted where the parties have not made this reasonable effort to carry the burden imposed by law."
Although we are in accord with the Administrator's contentions that the court's power to remand is subject to such restrictions, we nevertheless do not find in the present instance any abuse of the court's otherwise discretionary power to remand. We find this to be a case where it is not possible for the court to make a determination with any certainty based upon the present record.
The appeals referee and the administrative board found that the company produced "two witnesses and a signed document to prove that the claimant was intoxicated on the day he was discharged." The record indicates that one of the "witnesses" was an executive of the company who had no personal knowledge of the incident and that the "signed document" was a letter addressed to this executive signed by a co-employee stating that the claimant "was drunk" on the night of the alleged incident. This hearsay evidence and this ex parte document did not, of course, constitute evidence competent to prove the charged disqualification.
It is true that the statute provides that the "usual rules of evidence" do not govern the admissibility of evidence at the administrative hearing. LSA-R.S. 23:1631. Nevertheless, although normally inadmissible evidence may be received at the hearing, the actual findings of the administrative agency that a claimant is disqualified from benefits must be supported by competent evidence. As stated at 81 C.J.S. Social Security and Public Welfare § 221, p. 318: "It is generally held that the decisions and findings of an administrative tribunal in unemployment compensation cases must be supported by competent evidence. The relaxation of the general rules of evidence does not mean that the administrative tribunal can treat as evidence matter which is not evidence and has no probative force, and it does not justify orders without a basis in evidence having rational probative force. Findings of fact supported only by incompetent or hearsay evidence are improper, and hearsay evidence will not be *325 considered in determining whether the findings are supported by the evidence, * *."
Thus, administrative findings will be set aside on judicial review, if supported only by hearsay or other normally inadmissible evidence of a nature that does not afford the claimant a fair opportunity of rebuttal or cross-examination. Miller v. F. W. Woolworth Co., 359 Mich. 342, 102 N. W.2d 728 (1960); Ault v. Unemployment Compensation Board, 398 Pa. 250, 157 A.2d 375; Phillips v. Unemployment Compensation Board, 152 Pa.Super. 75, 30 A.2d 718 (1943) (this latter case containing a most comprehensive discussion of the question).
The agency hearing officers erroneously relied upon this incompetent evidence. If they had not, we seriously doubt that the agency would have concluded that the charge of disqualification was sufficiently proved by the uncorroborated and mostly generalized testimony of the only other witness at the hearing, the claimant's foreman. This witness testified that the claimant was "drunk" when he reported for work, but he also admitted that the claimant was not "punched out" until near the end of the night shift. (Although the company executive stated at the hearing that several other corroborating witnesses were available, none of these were produced.)
On the other hand, excluding from our consideration the incompetent evidence relied upon, we cannot say with certainty that we would have reversed the agency's determination, if it had been based on the foreman's testimony alone, which was flatly contradicted by the claimant's, to the effect that the claimant reported for work in an intoxicated condition. The determination of credibility is ordinarily a matter for the administrative agency, not for the court on judicial review, Vandike v. Brown, La.App. 3 Cir., 139 So.2d 803; even though the courts have the ultimate duty, in such review of administrative findings, to determine whether "sufficient evidence" supports the administrative findings, Turner v. Brown, La.App. 3 Cir., 134 So.2d 384.
We further note that the conclusiveness of any administrative finding of fact is, in the present case, brought into question, in that the appeals referee may have incorrectly placed the burden upon the claimant of proving his innocence of the charge of intoxication, rather than having placed the burden upon the employer to prove the claimant's disqualifying guilt.[2]
Taking all of these factors into consideration, we have concluded that this is one of those relatively rare instances where a remand for additional evidence should be ordered, rather than a decree that the claimant should receive benefits because the employer did not produce sufficient competent evidence at the hearing to prove disqualification. See, e. g., Kelleher v. Unemployment Compensation Board, 175 Pa. Super. 261, 104 A.2d 171, 41 A.L.R.2d 1155 (1954); Garcia v. California Employment Stabilization Commission, 71 Cal.App.2d 107, 161 P.2d 972 (1945). The cited cases also concern instances where, upon judicial review, it was held that the board's findings were not supported by competent evidence; but where, excluding such incompetent evidence *326 from consideration, the courts held that they could not make a finding with any certainty either way on the basis of the thus-abbreviated record.
For the foregoing reasons, we affirm the trial court's judgment remanding this claim to the administrative agency in order for additional evidence to be taken and for an additional determination to be made by the agency in the light of such additional evidence.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] See: Immel v. Brown, La.App. 3 Cir., 143 So.2d 156, where, in view of the paternalistic purposes of the act, a claimant unrepresented by counsel at the administrative hearing was held to be entitled to a remand, where the record showed that material evidence constituting a defense against disqualification was insufficiently developed and where the agency made no finding at all as to the material fact represented by this evidence.
[2] See, e. g., transcript of hearing: At Tr. 15, upon the claimant's denial that he was intoxicated:

"REFEREE [to the claimant]:
"Well, you know that's a pretty strong accusation to say a man is drunk and then not having any proof of it. Now, remember you are under oath and this will go in the record should you appeal it to a higher court, this willin the court record. On the day before you went to work, which was, they report, on March 20, 1961, you had not had anything to drink intoxicating? * * *
"CLAIMANT: No. Sir.
"REFEREE: * * * Well, I don't see how they could make such a strong accusation if there wasn't some cause for it, and you had never reported intoxicated to the job before?
"CLAIMANT: No sir, I haven't. [The foreman corroborated the claimant's testimony that he had not reported to work intoxicated in the claimant's ten years of continuous prior service.]