McBRIDE, Judge.
This is a proceeding to review the determination of the Board of Review of the Division of Employment Security of the Department of Labor which disqualified Mrs. Lucille Fruchtzweig, who is a former employee of Southern Specialty Sales Company, Inc., from receiving unemployment compensation on the ground that said employee had been discharged for misconduct connected with her work. The Administrator of the Division of Employment Security had ruled in favor of the employee; the Appeals Referee reversed the finding of the Administrator and denied compensation *625 benefits, which ruling of the Appeals Referee was affirmed by the Board of Review. Thereupon, the employee perfected her judicial appeal to the Civil District Court for the Parish of Orleans. See LSA-R.S. 23 :- 1634.
The judge of the lower court disagreed with the decision of the Board of Review, and the pith of his opinion was that the testimony of the employer given by its Office Manager is general in terms and for the most part hearsay. He concluded that there was no direct testimony of specific instances of the employee’s misconduct and that the evidence adduced was legally insufficient to support the decision of the Board of Review. The judge remanded the case to the Board of Review for the purpose of taking additional evidence and the employee has perfected her appeal to this court from said judgment.
The employer has moved to dismiss the appeal on the ground that the judgment remanding the case to the Board of Review for the taking of further evidence is not a final judgment but is merely an interlocutory decree which does not cause irreparable injury, and being such, it is unappealable.
On the other hand, both the Administrator of the Division of Employment Security and appellant contend that the employee has not been charged with acts constituting such misconduct as is necessary to work a forfeiture of unemployment compensation benefits within the meaning of LSA-R.S. 23:1601(2).
They contend further that when the lower court found there was insrtfficient evidence to support the conclusion of the Board of Review, the court should have removed the disqualification and found the claimant to be entitled to receive the benefits of the statute.
The Court of Appeal, Second Circuit, in Sewell v. Sharp, 102 So.2d 259, said:
“ * * Misconduct, within the meaning of 'the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer’s interests, a deliberate violation of the employer’s rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. * * * ”
In the instant case the employer’s Vice-President, upon receiving notice of the claim for unemployment compensation, wrote on the reverse side of the notice and filed with the Administrator the following reasons for claimant’s separation from the employment:
“Discharged for misconduct connected with her work. Employee in question refused on several occasions to perform duties assigned her by her superiors. She, on many occasions, complained strongly about her job assignments. In general, she was a poor influence upon our clerical force. Was most uncooperative with fellow employees.”
True, the reasons given by the employer are not specific and are more or less general, but we hold they are sufficient as a predicate for resisting the employee’s claim to compensation. The Vice-President of the employer is a businessman and not a lawyer, and it should be well recognized that the answer which he filed would not be expected to be couched in such technical and precise language as would be employed by one skilled in the science of law. Our opinion is that the answer adequately sets forth charges which, if proven by the employer, would be sufficient to disqualify the claimant from compensation benefits. According to such charges, she is a stubborn and disgruntled employee who has no regard for the proper standard of behavior which the employer has a right to expect from his work force.
At the hearing before the Appeals Referee only two witnesses appeared, viz. the claimant and a Mr. Butler, the Office Man *626 ager of the employer. The reasons given hy the Appeals Referee for disqualifying claimant for benefits are:
“The evidence in the instant case demonstrates that the claimant was discharged from her job. There were more than one occasion when management determined that her conduct was of such a nature that she should be terminated. The manager, however, ■desired to retain her principally because she was trained on the job and capable of doing the work. She was counseled about her attitude; and for a time, she worked well. She complained of having had too many assignments. However, her testimony clearly reveals that she was not required to work overtime. Her initial job was cut in half, and the manager was giving her additional tasks so that he could retain her on the payroll. Finally, when the claimant was asked to accept a new assignment, she did nothing but complain rather than listen to the instructions of the service manager. Under the circumstances, it is found that there is sufficient evidence to show that the claimant’s conduct on the job was responsible for her termination. Consequently, a disqualification is mandatory.”
The reasons assigned by the Board of Review for affirming the Appeals Referee are substantially the same.
Under LSA-R.S. 23:1634, in any judicial proceedings under this section the finding of the Board of Review as to the facts, if supported by evidence and the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the Board of Review, and the Board may, after hearing of such additional evidence, modify its finding of fact or conclusions and file such additional or modified findings and conclusions together with a transcript of the additional record with the court.
The Office Manager undoubtedly testified to some matters about which he had personal knowledge, but the testimony is also replete with hearsay evidence and it is impossible for one reading the transcript to determine therefrom what portion of the testimony was given from personal knowledge and what portion thereof was pure hearsay. At any rate, the evidence tends to demonstrate that the employer may have had some reasonable grounds to discharge the claimant whose attitudes, actions and activities might be inimical to the successful and harmonious operation of the employer’s business. We also note that the stenographer who took the testimony and transcribed the same for this record seems either to have not heard all that the witnesses said or otherwise was unable to write down what they said, and the transcribed testimony has many blank spaces where the statements of the witnesses were omitted. Just how important is the testimony that does not appear, we do not know.
There is one incident that seems to us to be of importance and that is that the Office Manager testified that when the claimant was asked to accept a new assignment, she did “nothing but complain” rather than listen to the instructions of the Service Manager. We cannot tell whether this was within the knowledge of the Office Manager or if he was testifying to something that the Service Manager might have said.
We also note that there are certain statements which the claimant made which indicate she might be guilty of the things charged against her by the employer. For instance, when asked if it was true that when leaving the Manager’s office she was loud in her remarks, she replied:
“I wouldn’t say loud. I would just say, T wonder who Uncle Charlie thinks he is.’ That’s all. We always called him Uncle Charlie.
iji % * * * *
“ * * * j’m not the only employee that yells. * * *”
*627 Due to the state of the record, it cannot he said whether the Board’s findings are supported by competent evidence or whether the employer has borne the burden resting upon it of proving its contention that the claimant is disqualified from receiving benefits. Nor can we say that the employee was entirely blameless and that she is entitled to the statutory benefits. We simply cannot make a finding with any certainty either way grounded on the things shown by the unsatisfactory record before us.
Under LSA-C.C.P. art. 1841 the judgment before us is not final as it does not determine the merits of the case but is only a preliminary step in the course of the action and is therefore interlocutory. If such judgment caused the claimant irreparable injury, it might be appealable. LSA-C.C.P. art. 2083. The nature and the extent of the injury which the claimant may suffer because of the judgment must appear from the proceedings themselves, and in order to reach a conclusion as to whether there is irreparable injury, we carefully studied the record and, of course, reviewed the evidence. The trial judge, given discretion under LSA-R.S. 23:1634, has the power to remand the case in order that additional evidence may be taken before the Board of Review, and, of course, whenever there is a discretion vested in the judge, there could conceivably be an abuse thereof sufficient to cause irreparable injury, especially in remanding a case of this type. When anything is left to a court’s discretion, it is understood a sound and legal discretion is meant, not an arbitrary one, and sometimes error may be committed.
As stated before, we are unable to say who should prevail, and while we do not entirely agree with the reasons given by the trial judge for the remand, we .must conclude that to remand the case was and is the proper course to do substantial justice. See Lee v. Brown, Court of Appeal, Third Circuit, 148 So.2d 321. Even though it is not certain that appellant has suffered irreparable injury, we have determined, in view of our ultimate conclusion, to sustain her appeal rather than dismiss it. Appeals are favored by the law. The motion to dismiss is denied.
For the foregoing reasons, the trial court’s judgment remanding the claim to the Board of Review, Division of Employment Security, Department of Labor, for additional evidence and a further determination of the claim is affirmed. Costs of this appeal are to be borne by the employer; all other costs are to await a final determination of the matter.
Affirmed.