FRUGÉ, Judge.
This is a claim for unemployment compensation benefits by Emmett Thompson, formerly an employee of the Finance and Accounting Office, Civilian Payroll Section, Fort Polk, Louisiana. The Fort Polk office advised the Louisiana Division of Employment Security that plaintiff’s separation was directed because of arrests, unsatisfactory employments and intentional falsification of application. Based on this information, the local office of the Louisiana Division of Employment Security, Alexandria, Lousi-ana, determined that the plaintiff was disqualified from receiving unemployment compensation benefits because the circumstances surrounding his separation from employment constituted misconduct. Plaintiff appealed to the Board of Review for the Division of Employment Security, and the board /ifirmed the denial of benefits. Plaintiff then appealed to the district court. From a judgment of the district court affirming the decision of the board, the plaintiff has appealed to this court.
The findings of separation because of arrests, unsatisfactory employments and intentional falsification of application are not subject to review by the Louisiana Division of Employment Security, the Board of Review or any court of this state. Under an Act of Congress, States may agree to act as agents for the federal government for unemployment compensation payments. 42 U.S.C.A. § 1362(a) provides as follows:
“§ 1362. Compensation for Federal employees under State agreements — Authority of Secretary
(a) The Secretary is authorized on behalf of the United States to enter *241 into an agreement with any State, or with the agency administering the unemployment compensation law of such State, under which such State agency (1) will make, as agent of the United States, payments of compensation, on the basis provided in subsection (b) of this section, to Federal employees, and (2) will otherwise cooperate with the Secretary and with other State agencies in making payments of compensation under this sub-chapter.”
Pursuant to this statute, the Secretary of Labor of the United States and the Louisiana Division of Employment Security entered into such an agreement. However, the Act of Congress provides that findings by the federal agency as to the reasons for termination of service are final and conclusive for purposes of the Act. 42 U.S. C.A. § 1367. Under this provision, it is clear that the reasons for termination may not be reviewed by this court. We are therefore bound by the federal agency’s findings that the plaintiff was discharged because of arrests, unsatisfactory employments and intentional falsification of application.
 But even if this determination by the federal agency as to the reasons for termination is final, eligibility for unem-employment compensation benefits is to be determined under state law. 42 U.S.C.A. § 1362(b) and (c) provides as follows:
“§ 1362. Compensation for Federal employees under State agreements — Authority of Secretary
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
“(b) Any such agreement shall provide that compensation will be paid by the State to any Federal employee, with respect to unemployment after December 31, 1954, in the same amount, on the same terms, and subject to the same conditions as the compensation which would be payable to such employee under the unemployment compensation law of the State if the Federal service and Federal wages of such employee assigned to such State under section 1364 of this title had been included as employment and wages under such law.”
“(c) Any determination by a State ' agency with respect to entitlement to compensation pursuant to an agreement under this section shall be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, and only in such manner and to such extent.”
* * * * * *
Therefore, accepting the findings of the federal agency as to reasons for termination, it becomes necessary to determine whether, under Louisiana law, the plaintiff is entitled to unemployment compensation benefits. LSA-R.S. 23:1601(2) provides that an individual shall be disqualified for benefits “If the administrator finds that he has been discharged for misconduct connected with his employment.” The test as to whether an employee will be denied benefits by reason of discharge for misconduct is well stated in Sewell v. Sharp, La.App., 102 So.2d 259 at page 261, in which the court stated :
“Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer’s interests, a deliberate violation of the employer’s rules, and a disregard of standards of. behavior which the employer has a right to expect of his employees.”
In the present case, the plaintiff falsified his application for employment for a position of trust with the Finance and Accounting Office at Fort Polk. This could well affect his reliability and trustworthy *242 ness m performing his duties. We cannot say that the Board of Review was erroneous in denying the plaintiff unemployment compensation benefits because of his misconduct.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.