319 So.2d 797 (1975)
Sidney J. McGRAW
v.
DIRECTOR OF POSTAL DATA CENTER et al.
No. 10404.
Court of Appeal of Louisiana, First Circuit.
September 18, 1975.
Jonathan C. Harris, Baton Rouge, for appellant.
Marion Weimer and James A. McGraw, Baton Route, for appellees.
Before LANDRY, BLANCHE and BAILES, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment affirming his disqualification for unemployment insurance benefits upon a finding that Appellant's election to accept optional retirement from a position with *798 the United States Postal Department (Employer) does not constitute good cause for leaving one's employment as required by LSA-R.S. 23:1601(1). We affirm.
On December 28, 1973, Appellant voluntarily opted to resign his employment as Dispatcher and Distribution Expediter by his said employer. Appellant, then 61 years of age, did not face mandatory retirement until age 70. The reason Appellant assigned for taking "early retirement" was to take advantage of increased retirement benefits.
Upon being notified of Appellant's application for benefits, Employer filed its form ES-931 with the State Employment Security Department (Department), which form recites:
"Optional Retirement. Employee retiring in order to receive cost of living increase to retirement annuity."
After a hearing, the Department concluded Appellant had not left his employment for good cause connected therewith. Said determination was predicated upon the following specific factual findings:
"You voluntarily retired from your employment to take advantage of a cost of living retirement benefit.
Your leaving was for a personal reason and not good cause connected with the employment."
The Department's determination of disqualification was affirmed by the Board of Review.
It is conceded that prior to November, 1973, an employee like Appellant, who worked past the effective date of a cost of living increase to pensioners, was not eligible for such increases. While this regulation was in effect, an employee who retired to take advantage of an increase in retirement benefits was considered to have been induced to retire and was therefore deemed to have retired for good cause connected with his employment. An employee who resigned under such circumstances was not disqualified from unemployment insurance benefits.
Public Law 93-136, approved October 24, 1973, changed the above policy by providing that henceforth an employee retiring after the effective date of a cost of living increase would nevertheless receive the benefits of such increase in computing his annuity. Because of this change favorable to a retiring employee, an employee who retires after the effective date of Public Law 93-136 is deemed not to have been induced to retire, and therefore considered to have left his employment without good cause connected therewith. Consequently, such an employee is disqualified for unemployment insurance benefits. Appellant correctly argues that applicable Federal regulations provide that the findings of a Federal agency employer as to an employee's reasons for termination are final and conclusive upon state agencies charged with the duty of determining eligibility for state unemployment insurance benefits. 42 U.S.C.A. § 1367 expressly so provides. Our own courts have followed this guiding principle, Thompson v. Brown, La.App., 157 So.2d 239 (1963).
First, Appellant maintains he was induced to retire to be eligible for larger retirement benefits. He urges that this finding was made by his employer and is conclusive. Therefore, according to Appellant, he is entitled to unemployment insurance benefits. While the employer finding is factually conclusive, the legal effect thereof must be determined by the court which determines eligibility for state benefits. In this instance, the employer did not find that Appellant's retirement was "induced", rather it found said retirement "optional". Controlling Federal regulations in effect upon the date of Appellant's retirement did not require retirement in order to make Appellant eligible for cost of living increases in retirement benefits. There was no inducement, incentive, compulsion or necessity for Appellant to retire precisely when he did to become eligible *799 for cost of living increases to his retirement benefits. Regardless of when Appellant retired, he was eligible for all costs of living increases either than effective, or which might thereafter become effective, if such increases would produce a greater retirement annuity.
Accepting employer's finding that Appellant retired to receive cost of living increases, the Department, nevertheless, rightly concluded this was a purely personal reason unconnected with Appellant's employment in that it was not provoked by employer inducement.
Alternatively, Appellant contends his retirement was for good cause because induced retirement is a species of induced termination, and induced termination has been recognized as good cause connected with one's employment for purposes of determining eligibility for unemployment insurance benefits. It is argued that the induced retirement, in this and all other similar instances, includes the employer's offer of the annuity under the optional early retirement plan, coupled with the employee's subjective desire, motivation and/or intent to reenter the labor market after termination of his present employment, and thereby improve his economic status.
Appellant is contending that good cause for leaving one's employment exists whenever an employee accepts an early retirement plan with the intent to reenter the labor market for the purpose of obtaining additional employment, the emoluments of which, when added to the retirement income, will enhance the employee's economic position. It is contended that the offer of the early retirement, coupled with the subjective intent of the employee, which latter factor cannot be ignored, together constitute good cause for leaving one's employment.
We find the argument most clever and ingenious, but lacking in merit. In our judgment, purely optional early retirement plans do not per se constitute an inducement to retire prior to mandatory retirement age. Such plans merely provide opportunity for early retirement for those who elect to take advantage thereof for whatever reason. That an employee elects the benefits of early retirement, coupled with the subjective motive of improving his economic status, does not, in our view, constitute good cause for leaving his employment.
We interpret Section 1601, above, to mean that the term good cause connected with one's employment, as therein utilized, means cause connected with working conditions, ability of the employee to continue the employment, availability of transportation to and from work, and other factors which affect the employee's ability or right to continue work or which affect the benefits he may receive from his employer either upon continuation of work or retirement.
In our judgment, it would be manifestly unreasonable and unwarranted to interpret the statute to afford unemployment insurance benefits to one who voluntarily retires from gainful employment with the hope of entering the labor market, and who thereafter fails to find gainful employment. Although the subjective motive of the employee may be related to his employment, it does not constitute good cause connected therewith because it is entirely personal.
The judgment of the trial court is affirmed; all costs to be paid by Appellant, Sidney J. McGraw.
Affirmed.