DOUCET, Judge.
David Blanchard, the plaintiff-appellee, brought this action against his former employer, Point Marine, Inc. and the State of Louisiana, Department of Employment Security. He seeks judicial review of the denial to him of unemployment compensation benefits.
The trial court, after reviewing the evidence, found that there was insufficient evidence to disqualify Blanchard for benefits because of misconduct connected with his work.
The defendants appeal. They contend that the trial court erred in its finding because Blanchard was disqualified for benefits because he quit his job without good cause, rather than because he was fired for misconduct.
FACTS
Blanchard was employed by Point Marine, Inc. as the Captain of a supply boat. He last worked for Point Marine on August 9, 1983. Plaintiff contends that he was advised by his employer on August 23, 1983 that there was no work available for him and he was “laid off”. He further states that Willard Robinson, the Personnel Manager for Point Marine, advised him to seek other employment because there was no work available. The defendant’s position regarding Blanchard’s termination is ambiguous. In a letter to the Office of Employment Security dated October 14, 1983, Willard Robinson stated that:
“There are several reasons for Mr. Blanchard’s termination. Mr. Blanchard was asked to be replaced by one of the company men on the rig for not being able to tie the vessel to the rig which could have possibly cost us a job for that particular vessel.
Mr. Blanchard’s attitude was also another reason for his termination. Mr. Blanchard was always complaining about everything and always running down the company.
I talked to Mr. Blanchard by phone and he started complaining about the company. I then told him if he was that dissatisfied with the company it might be better for him to resign. Mr. Blanchard then agreed to that and resigned.
We feel that with Mr. Blanchard having to be replaced at the request of the oil company and with his poor attitude about everything that he should be denied any unemployment compensation benefits.”
In the hearing before the. appeals referee, Mr. Robinson, who was the only participant, reiterated these remarks stating that:
“Well, what had transpired — he had come to my office. He was constantly complaining about, you know, more money and, you know, other things and everything. And I just told him one day — I said, well, you know, there’s nothing I can do about it. If you’re really unhappy with the situation, you know, maybe you should look for another job. And he said, well, I think that’s what I’ll do. I’ll go ahead and look for another job and leave the company. And that's when it transpired.”
It is not possible to determine from this evidence whether Blanchard was fired, was told to resign, chose to resign, or was simply stating his intention to look for another job while continuing in the employ of Point Marine. Point Marine’s current position seems to be that Blanchard voluntarily quit his job and was not dismissed for cause.
Further, Blanchard was unable to testify at the hearing. A telephone hearing with the appeals referee was held on January 11, 1984. On January 6th, Blanchard sent a letter to the referee which was received on January 9,1984, asking that the hearing be continued since he would be offshore on January 11th. He noted that Thursdays, Fridays, and Mondays would be days when his work schedule would allow him to participate in the hearing. Although the re *1009 quest for postponement was received before the hearing and stated good cause for the postponement, it was denied, thereby denying Blanchard his opportunity to speak on his own behalf.
The referee found that Blanchard had voluntarily quit his job and was therefore disqualified from receiving benefits. The Board of Review for the Department of Employment Security affirmed that finding on appeal. Blanchard then appealed to the Twelfth Judicial District Court, where the determination was reversed.
Considering the sparse and inconclusive record in this case, as well as the lack of opportunity for Blanchard to present his case, we believe that the proper course of action is to remand this case to the Board of Review, in order for additional evidence to be taken and to determine whether Blanchard quit or was fired and, if he was fired, whether it was for good cause.
This court has determined in Lee v. Brown, 148 So.2d 321 (La.App.3rd Cir. 1962), that in cases concerning unemployment benefits:
“... a remand should be permitted only in those instances where the parties have made a reasonable effort to carry their burdens, but, in spite of this reasonable effort, the court feels that it is not possible to make a determination which would do justice to all parties based on the evidence contained in the record. A remand should not be permitted where the parties have not made this reasonable effort to carry the burden imposed by law.”
Here, as in Lee v. Brown, supra, we are faced with a situation where it is not possible to make a determination based on the present record.
Accordingly, the judgment of the trial court is reversed. This case is remanded to the Board of Review so further evidence may be presented and a determination made in light of that evidence.
REVERSED AND REMANDED.