EDWARDS, Judge.
This is an appeal from the denial of unemployment benefits. We reverse and remand.
Plaintiff was employed by the Louisiana State Department of Revenue on January 4,1982, as a typist clerk. Hired in anticipation of an increased workload during the income tax season, plaintiff was termed a seasonal employee. According to Ms. Teresa Jung, personnel officer for the Department of Revenue, these positions are full time, but generally last only five to six months, depending on the workload.
On May 14, 1982, plaintiff notified her employer she was resigning effective May *443 17. Prior to leaving the Department of Revenue, she completed a form on which she noted she was leaving for a better job. A month and a half after beginning her new job, plaintiff was laid off. She then applied for unemployment benefits, noting on her application that the reason she gave the Department of Revenue for resigning was “offer from DHHR (state).” In response to the form question, “Why did you think it was necessary to [leave the Department of Revenue]”, plaintiff wrote, “offered better pay, and it was a better job.”
The Office of Employment Security disqualified plaintiff from receiving unemployment benefits, finding that she did not leave the Department of Revenue for “good cause connected with her employment,” LSA-R.S. 23:1601, and plaintiff appealed. At a hearing before an appeals referee, plaintiff testified that an additional reason for resigning from the Department of Revenue was that her job there was going to terminate within a few weeks. Finding merely that plaintiff had left “her job to accept employment with a prior employer” which would give her better pay and would lead to a “better position,” the appeals referee affirmed the disqualification. The Board of Review concurred in the finding of the referee, and the district court affirmed.
On appeal to this court, plaintiff contends that she left the Department of Revenue because her employment there was going to end within a few weeks, and that this constitutes “good cause” which qualifies her for unemployment benefits.
Judicial review of the findings of the Board of Review is strictly limited to a determination of whether the facts are supported by competent evidence, and whether the facts, as a matter of law, justify the action taken. LSA-R.S. 23:1634; Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir.1983). The issue is whether plaintiff left her job at the Department of Revenue for good cause connected with her employment.
[G]ood cause connected with one’s employment ... means cause connected with working conditions, ability of the employee to continue the employment, availability of transportation to and from work, and other factors which affect the employee’s ability or right to continue work or which affect the benefits he may receive from his employer....
McGraw v. Director of Postal Data Center, 319 So.2d 797, 799 (La.App. 1st Cir.1975).
Under ordinary circumstances, leaving one job to take another which offers better opportunities is indeed a personal reason, and it is not good cause for purposes of unemployment compensation. Yet to conclude that plaintiff was merely trying to climb the career ladder is to consider only part of the evidence. Plaintiff’s job was ending; that fact cannot be ignored, and it must not be minimized.
Although plaintiff did state that she left her job to take a better job with better opportunities, she did so because her Department of Revenue job was about to end. At that point, any job would have had better opportunities than the one she had. Leaving a seasonal job that was about to end to take a job that promised a chance at permanence was leaving for good cause. It was clearly a cause connected with her “right to continue work.” Id. To hold otherwise would be to penalize a person for being responsible enough to plan ahead and try to avoid being unemployed.
This record gives no reason to believe that plaintiff would have been disqualified if she had become unemployed upon the termination of her Department of Revenue job. Although the employment security law is “to provide benefits for periods of unemployment,” LSA-R.S. 23:1471, it should not be interpreted in such a way as to discourage people from seeking to remain employed. The fact that the law expressly prohibits disqualification for unemployment benefits for leaving part-time or interim employment in order to protect full-time or regular employment, LSA-R.S. 23:1601(1), demonstrates that the legislature did not intend to discourage people from actively trying to remain gainfully employed.
*444 For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the Board of Review for determination of plaintiffs entitlement to benefits in accordance with this opinion. Costs of this appeal, $316.47, are to be borne by defendant.
REVERSED AND REMANDED.
LOTTINGER, J., concurs.