laGOTHARD, Judge.
In this unemployment compensation matter, plaintiff appeals the district court’s judgment which dismissed plaintiffs petition. For the following reasons, we affirm in part, vacate in part and remand.
FACTS
On February 5, 1993, plaintiff, Harold W. Hensel, was released from his employment with Freeporfr-McMoRan, Inc. In September of 1993, plaintiff filed a claim for unemployment compensation with defendant, State of Louisiana through the Department of Labor, Office of Employment Security. The Isfollowing facts were determined by an administrative law judge (and recited in her January 5, 1994 decision) after a third hearing regarding plaintiffs unemployment compensation claim:
The claimant worked for the named employer for 24 years until February 5, 1993. He worked full-time and earned an annual salary of $40,300. He was laid off because of a reduction in force on February 5, 1993. He did not file a claim immediately after separation from his job because he was working elsewhere. He filed a claim for unemployment insurance benefits effective September 12, 1993. The Agency initially determined that the claimant was monetarily ineligible to benefits because the named employer had reported the claimant’s wages as $105,612.54 in the first quarter of 1993; and he had not earned wages equal to one and one-half times the high quarter of the base period of his claim. The Agency processed a reconsideration on September 29, 1993, which prorated the lump sum payment which claimant received in February of 1993, in the amount of $105,612.54. This action resulted in an eligible claim with a weekly benefit amount of $181. The Agency subsequently determined that the lump sum payment of $105,612.54 was a pension settlement which should be prorated and deducted from the claimant’s weekly benefit entitlement in the amount of $87.81, per week rounded to the nearest dollar, effective September 12, 1993. The claimant appealed. A hearing was conducted. *1079 In a decision rendered on November 18, 1993 (docket number J 2052 AT 93), the administrative law judge held that the lump sum payment which the claimant received at separation was not [a] pension deduction. However, the administrative law judge remanded the matter to the Agency for them to rule on whether the monies received should be deductible under the provisions of R.S. 23:1601(7)(D) of the Louisiana Employment Security Law. On November 29, 1993, the Agency issued a determination which held that the lump sum payment was dismissal pay and was deductible from the claimant’s benefits.
At the appeals hearing, the claimant insisted that the lump sum payment of $105,-612.54 was neither severance, dismissal or a pension payment and that it should not be deducted from his unemployment insurance benefits. He presented a letter from the employer which titled the payment “enhanced retirement package (A).” The employer reported the entire amount as wages and withheld the appropriate taxes and deductions. He had no intentions of retiring at that time. As part of the package offered to employees who were involuntarily separated in the lay off of February 1993, the employer offered certain enhancements. The claimant received Rfive weeks of accrued vacation pay and was paid 12 weeks of severance pay. He does not qualify to receive his pension from the employer until he reaches the age of 55. Because the pension he will receive at age 55 will be considerably less than the pension he would have receive[d] had he continued his employment, the lump sum payment was made to him, based on his years of service with the employer. The claimant does not know the exact formula used by the employer to come up with the amount of the enhancement payment.
In rendering her January 5, 1994 decision, the administrative law judge found that pursuant to LSA-R.S. 23:1601(7)(d)(i), the $105,-612.54 “payment would constitute dismissal or separation pay which should be considered wages as defined by law and deductible from [claimant’s] unemployment insurance benefits prorated over the period of time which it would have taken him to earn such remuneration.” The administrative law judge therefore ordered that since plaintiff was earning $775 per week at the time of his separation from employment, plaintiff’s “enhancement payment” be prorated from the week after his last day of work through the week ending September 23, 1995.
Previously, on December 1, 1993, plaintiff filed an appeal with the Board of Review for the Office of Employment Security, appealing the administrative law judge’s decision of November 11, 1993 (see above). On December 7, 1993, the Office of Employment Security sent plaintiff a letter acknowledging receipt of this appeal. The Board of Review thereafter affirmed the administrative law judge’s decision on January 7,1994. However, the Board specifically affirmed the November 18, 1993 decision. Nowhere in the record before us is a decision from the Board concerning the subsequent administrative law judge’s decision on January 5, 1994.
Upon review, we note that LSA-R.S. 23-.1626A provides in pertinent part that “[i]n the event that an appeal involving an original determination is pending 15at the time a rede-termination thereof is issued, the appeal, unless withdrawn, shall be treated as an appeal from such redetermination.” Since the Board of Review’s decision was rendered after the administrative law judge’s January 5, 1994 decision, we find that pursuant to R.S. 23.T626A and R.S. 23:1634, the matter was in a proper procedural posture to be taken to the district court.
On January 21, 1994, plaintiff filed suit against defendant in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.[1] In his petition, plaintiff asserts that his unemployment compensation should not be reduced by the “enhancement payment”; that he should not have to return certain benefits previously paid by defendant; and that he has been denied equal protection of the law in that several co-employees, released under similar circumstances at the same time as plaintiff, *1080 were receiving full weekly benefits from defendant.
Defendant failed to answer plaintiffs petition until August 12, 1994, after plaintiff filed a rule to show cause why judgment should not issue directing the payment of benefits to plaintiff. At the hearing on the rule to show cause, defendant failed to appear. However, both parties submitted memoranda on the issue. Thereafter, on October 25, 1994, the district court rendered judgment, dismissing plaintiffs petition and affirming the decision of the Board of Review which found “that the plaintiffs lump sum payment be treated as wages and therefore is deductible from his unemployment insurance benefits from September 12, 1993 through September 23, 1995.”
| (¡Plaintiff appeals, arguing that the district court’s judgment did not result from a trial on the merits, and plaintiff was not able to introduce evidence supporting his claim of defendant’s violation of the equal protection clause pursuant to Art. 1, Sec. 3 of the Louisiana Constitution and the 14th Amendment of the United States Constitution. Although alleged in plaintiffs petition, the district court judgment fails to address plaintiffs equal protection claim. Additionally, defendant fails to address plaintiffs equal protection argument in appellate brief.
ANALYSIS
At the onset, it is important to note the standard of review by which we are bound in matters of this kind. LSA-R.S. 23:1634 provides in part that “[i]n any proceeding under this section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
There must be legal and competent evidence to support the factual findings on which the administrative determination turns. Judicial review of the findings of the Board of Review does not permit the weighing of evidence, drawing of inferences, reevaluation of evidence or substituting the views of the court for that of the Board of Review as to the correctness of the facts presented. Abadie v. Bayou Steel Corp., 645 So.2d 779, 783 (La.App. 5 Cir.1994), writ denied, 649 So.2d 403 (La.1995) (citations omitted).
After a thorough review of the facts and law of this case, we find that pursuant to LSA-R.S. 23:1601, plaintiffs “enhancement payment” (whether ^considered severance pay, dismissal pay, an advance on his pension, etc.) must be deducted from his unemployment benefits. The district court therefore did not err in affirming the decision of the Board of Review.
However, the district court judgment went beyond affirming the Board of Review’s decision—it dismissed plaintiffs lawsuit. As stated, plaintiff also alleged in his petition that he has been denied equal protection of the law. This issue has not been resolved.
In this lawsuit, plaintiff claims that other Freeport-McMoRan employees, released during the same period and given “enhancement payments” as was plaintiff, have applied for, and received, full unemployment compensation from defendant. At a November 10,1993 hearing before an administrative law judge, plaintiff testified that he believed he was being treated differently by defendant because he chose to not immediately apply for unemployment compensation, but to remain at his other job, Jefferson Financial (where he had been working part-time while he was working for Freeport-McMo-Ran), until September of 1993.[2] However, other Freeport McMoRan employees, once released, immediately applied for, and received, full unemployment compensation.
With regards to equal protection, in Police Ass’n of New Orleans v. City of New Orleans, 649 So.2d 951, 962-63 (La.1995), the Louisiana Supreme Court stated:
Turning to our state constitution, we recognized in Sibley v. Board of Supervisors of Louisiana State Univ., 477 So.2d 1094 (La.1985), that Louisiana, in Article I, Section 3 of its constitution, rejected the federal three-tiered system of equal pro-
*1081 tection analysis. Interpreting Article I, Section 3 in Sibley, we held:
| gArticle I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situation: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest. With the adoption of these guarantees Louisiana moved from a position of having no equal protection clause to that of having three provisions going beyond the decisional law construing the Fourteenth Amendment.
Sibley, 477 So.2d at 1107-8.
The system created by Article I, Section 3, and the interpretation placed upon it by this court in Sibley, shifted the focus from that of determining under which category a particular case falls (strict, intermediate, or minimum scrutiny), which then all but decided the case, to that of conducting an independent review of the specific merits of the individual case which necessarily entails a balancing or comparative evaluation of governmental and individual interests. Sibley, 477 So.2d at 1107; Allen v. Burrow, 505 So.2d 880 (La.App.2d Cir. 1987). Cf. Pierre v. Administrator, Louisiana Office of Employment Sec., 553 So.2d 442 (La.1989); Kirk v. State, 526 So.2d 223 (La.1988).
Nowhere in the record before us has there been a review of whether plaintiffs equal protection claims are valid. We cannot make such a determination upon the limited facts and evidence in the record.
Finally, we note that with regards to judicial review of unemployment compensation matters, LSA-R.S. 23:1634B provides in pertinent part that “[n]o additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or 19conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.” However, by law, the unemployment compensation administrative hearing process is limited in jurisdiction to hearing only claims for unemployment compensation. See generally, LSA-R.S. 23:1471, et seq. Further, Art. 5, Sec. 16(A) of the Louisiana Constitution provides in pertinent part that “a district court ... shall have exclusive original jurisdiction of [cases involving] ... civil or political rights ...” Because plaintiffs equal protection claims concern his civil rights, and are separate and distinct from his claims for unemployment compensation, we remand the matter to the district court to hear evidence regarding plaintiffs equal protection claims.
For the foregoing reasons, we vacate the district court’s October 25, 1994 judgment insofar as it dismissed plaintiffs petition, and remand the matter to the district court to properly address plaintiffs equal protection claims. In all other respects, the district court’s judgment is hereby affirmed.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. Plaintiff's former employer, Freeport McMo-Ran, Inc., has apparently not contested plaintiff's claims for unemployment compensation, and is not a party to this suit.

. Plaintiff's employ with Jefferson Financial apparently had no other effect than to delay the date that plaintiff filed for unemployment compensation.