737 So.2d 220 (1999)
Edward SIMMONS
v.
Robin HOUSTON, Administrator of the Louisiana Office of Employment Security and Schwegmanns.
No. 98-CA-2662.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1999.
Rowena T. Jones, New Orleans Legal Assistance Corporation, New Orleans, Louisiana, Attorney for Plaintiff/Appellant Edward Simmons.
Norbert C. Rayford, Louisiana Department of Labor, Office of Employment Security, Baton Rouge, Louisiana, Attorney for Defendant/Appellee The Administrator, Office of Employment Security of the Department of Labor.
Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, and Judge DENNIS R. BAGNERIS Sr.
MURRAY, Judge.
Edward Simmons appeals a decision by the Civil District Court for Orleans Parish affirming a determination by the Administrator of the Louisiana Office of Employment Security that he is disqualified from *221 receiving unemployment compensation benefits on the grounds that he voluntarily left his employment without good cause connected to his employment. Because the record does not support that conclusion, we reverse.

FACTS AND PROCEDURAL HISTORY:
Edward Simmons worked as a full-time employee of Schwegmann Giant Supermarkets, Inc., at its Caton Street store for approximately one and one-half years. His final day of work at the Caton Street location was January 12, 1997, the day before the store ownership changed hands.
Mr. Simmons testified that he had been informed that the store was going to be sold, and that its employees could apply for jobs with the new owner or seek relocation at other Schwegmann[1] locations. He asked the store manager, Sal Danna, if he would be able to continue at the Caton Street store, but Mr. Danna could not give him an answer one way or the other. Approximately a week before January 12, Mr. Simmons told Mr. Danna that he had been offered a job at the same salary. On the last day Mr. Simmons was scheduled to work he again talked to Mr. Danna about whether he would have a job after the sale, and was told that the manager would let him know something if he came back to work on Sunday. Although he was not supposed to have worked on Sunday, January 12, Mr. Simmons came to work, but Mr. Danna was not present.
Mr. Simmons received a letter from Schwegmann dated January 13, 1997, thanking him for his "dedication, loyalty and hard work," and expressing disappointment that the decision was made to sell the Caton Street store to William Smith just as "we were getting to know one another." The letter advised Mr. Simmons that he would be missed, and wished him and his family a healthy and prosperous future. He testified that he interpreted this as being a discharge letter.
Mr. Simmons could not recall when, in relation to the last day he worked, he received this letter. However, he testified that upon receipt he called Schwegmann's Human Resource Department in Gentilly, and was told that if he had received the letter, that meant he was "gone." He testified that had he not gotten this letter, and the Caton Street store not changed hands, he would have continued working there. The reason he started looking for other employment was because no one could tell him if he would be continued at Schwegmann's.
Mr. Simmons applied for unemployment benefits, and it initially was determined that he had not been disqualified from receiving benefits because he left his employment after he was notified by his employer of a definite date of lay-off. He, therefore, had left his employment for good cause under the Louisiana Employment Security Law. Schwegmann appealed that determination, alleging that Mr. Simmons had left his employment in order to take another job. Following a hearing, at which Mr. Simmons and Mr. Danna testified, the administrative law judge determined that Mr. Simmons was not qualified for benefits because he left his job for personal reasons.
Mr. Simmons appealed that decision to the Board of Review, which affirmed the decision by a vote of three to two. The dissenting members of the Board found that Schwegmann's had caused Mr. Simmons to leave his employment. He, therefore, had proved that his separation was for good cause due to a substantial change in working conditions caused by his employer, so that the Agency's original determination that he was not disqualified should be reinstated and benefits be allowed. The district court affirmed the *222 Board's decision without assigning reasons, and this appeal followed.

DISCUSSION:
An employee who leaves his employment without good cause attributable to a substantial change in his employment by his employer is disqualified for unemployment compensation benefits. La.Rev.Stat. 23:1601(1)(a).
The term "left" as used in 1601(1) has been interpreted to cover those situations where an employee quits, voluntarily leaves or resigns his employment. Piggly Wiggly of Springhill, Inc. v. Gerace, 370 So.2d 1327, 1328-29 (La.App. 2d Cir.1979).
In this case the administrative law judge concluded that Mr. Simmons had left his employment for personal reasons, and not for good cause attributable to a substantial change in his employment.
Judicial review of the of the Board of Review is limited to a determination of whether the facts are supported by competent evidence, and whether the facts justify the action taken as a matter of law. La.Rev.Stat. 23:1634.
The undisputed evidence presented at the hearing in this matter established that: the Schwegmann's store where Mr. Simmons was employed had been sold; that Mr. Simmons worked through January 12, 1987, the day before the transfer of ownership took place; that he, as well as the other Schwegmann's employees were advised of the sale; and that there was no offer made to him of a job at another Schwegmann store.
Based on these facts, we find that the administrative law judge erred when he concluded that Mr. Simmons left his job with Schwegmann's for personal reasons rather than good cause attributable to a substantial change in his employment. It is undisputed that Mr. Simmons' job at the Caton Street Schwegmann's store was to end on January 13, 1997. The fact that he attempted to find other employment when he could not be assured of continued employment with Schwegmann does not defeat his eligibility for unemployment compensation benefits. See Elsey v. State Dept. of Employment Security, 517 So.2d 442 (La.App. 1 Cir.1987).
Accordingly, we reverse the judgment of the district court, and remand the case to the Board of Review for determination of Mr. Simmons' entitlement to benefits in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The name Schwegmann, for purposes of this opinion, refers to the stores formerly owned by John Schwegmann.