781 So.2d 656 (2001)
Joyce M. HOLMES
v.
Gary FORSTER, Administrator of the Louisiana Office of Employment Security, Pontchartrain Hotel.
No. 2000-CA-0632.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
*658 Rowena T. Jones, New Orleans Legal Assistance Corporation, New Orleans, LA, Counsel for Plaintiff/Appellant.
Cynthia T. Batiste, Norbert C. Rayford, Louisiana Department of Labor, Office of Employment Security, Baton Rouge, LA, Counsel for Defendant/Appellee.
Court composed of Judge PLOTKIN, Judge WALTZER, and Judge TOBIAS.
Judge STEVEN R. PLOTKIN.
The sole issue in this appeal is whether an employer who admittedly failed to carry its burden at an administrative hearing of presenting competent evidence to prove that an unemployment claimant is disqualified from receiving benefits is entitled to a remand of the case to allow it a second opportunity to meet its burden of proof. For the reasons that follow, we reverse the trial court judgment upholding the decision of the administrative law judge (hereinafter "ALJ") and the Louisiana Board of Review (hereinafter "Board") denying unemployment compensation benefits (hereinafter "UCB") to plaintiff, Joyce M. Holmes. We remand the case pursuant to LSA-R.S. 23:1634(B) for the sole purpose of allowing the board to "enter an order in accordance with the mandate of the court," awarding Ms. Holmes UCB. The employer shall not be allowed to present additional competent evidence on remand.
Ms. Holmes, who had been working as a painter for defendant, Pontchartrain Hotel, for approximately two months, was discharged from her employment on June 2, 1998. The stated reason for her discharge was excessive absenteeism and failure to call her supervisor before the beginning of her shift to inform him that she would not be reporting to work. Ms. Holmes sought UCB, which were denied. On review, an ALJ affirmed the initial disqualification. Thereafter, the Board and the trial court affirmed the decision of the ALJ. Ms. Holmes appeals.
Judicial review of a decision of the Board in unemployment compensation matters is governed by LSA-R.S. 23:1634, which provides, in pertinent part, as follows:
B. Upon the filing of a petition of review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its finding of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.... An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases.... Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.
*659 From the above statutes, two principles for judicial review of a Board's decision relative to a claim for UCB that are applicable to the instant case may be derived. First, such review "is limited to first, determination of whether the [findings of] facts are supported by sufficient, competent evidence, and, second, whether the facts, as a matter of law justify the action taken." Harris v. Houston, 97-2847, p. 6 (La.App. 4 Cir.11/4/98), 722 So.2d 1042, 1045. See also Charbonnet v. Gerace, 457 So.2d 676, 679 (La.1984), for reference to the first principle. Second, when appropriate, the case may be remanded to the Board for the taking of additional evidence.
Under LSA-R.S. 23:1601(2)(a), a UCB claimant may be disqualified on the basis of "misconduct connected with his employment" that results from one of the following intentional actions: (1) "willful or wanton disregard of the employer's interest," (2) "a deliberate violation of the employer's rules," or (3) "a direct disregard of standards of behavior which the employer has the right to expect from his employees." Harris, 97-2847 at 4, 722 So.2d at 1044. Generally, "[a]bsence from work, particularly when unexplained or when the employee fails to call in to report that he or she will be absent, can occur under circumstance such that it amounts to intentional misconduct resulting in disqualification from unemployment benefits." Id. at 5, 722 So.2d at 1044.
In cases where the employer seeks to deny UCB to an employee because of misconduct justifying disqualification, the burden of proof as to such misconduct is upon the employer. Id. at 6, 722 So.2d at 1045. The misconduct must be proven by a preponderance of evidence. Id. The evidence supporting the disqualification must be legal and competent. Dipol v. Administrator, Office of Employment Security, 526 So.2d 393, 394 (La.App. 4 Cir.1988). Although hearsay evidence is admissible in an administrative hearing, it does not necessarily qualify as competent evidence and thus may not be considered by an appellate court to determine whether the factual findings of the Board are supported by sufficient competent evidence, as required by LSA-R.S. 23:1634. Id.
In the instant case, the Louisiana Department of Labor, Office of Employment Security (hereinafter "Office"), admitted in briefs to this court that "the rulings of the Administrative Law Judge and the Board of Review were not based on sufficient legal competent evidence." The basis for this admission was the fact that the only evidence presented to support Ms. Holmes' disqualification was the hearsay testimony of Peggy Wingfield, who represented the Pontchartrain Hotel at the hearing. The Office admitted that "Ms. Wingfield was not a direct party to the issue at hand and was therefore unable to offer any first hand knowledge." The only person who could have offered testimony based on personal knowledge concerning Ms. Holmes' disqualification from UCB, the Office argues, was Ms. Holmes' supervisor, Mr. Palmer. The Office does not cite any reason the Pontchartrain Hotel failed to offer Mr. Palmer's testimony. Since the only record evidence supporting the disqualification is hearsay, we agree with the Office that the decisions of the ALJ and the Board were not based on competent evidence.
However, the Office argues that, rather than simply reversing the decision declaring Ms. Holmes' disqualified from receiving UCB based on the employer's failure to meet its burden of proof and ordering payment of benefits to Ms. Holmes, this court should remand to allow *660 the Board to take additional evidence-i.e., the testimony of Mr. Palmer. In support of this argument, the Office cites two 1963 Louisiana appellate court cases: Fruchtzweig v. Southern Specialty Sales Co., 149 So.2d 623 (La.App. 4 Cir.1963) and Lee v. Brown, 148 So.2d 321 (La.App. 3 Cir. 1963). In Fruchtzweig, 149 So.2d 623, this court remanded the case for the taking of additional evidence. In reaching that decision, the court stated as follows:
Due to the state of the record, it cannot be said whether the Board's findings are supported by competent evidence or whether the employer has borne the burden resting upon it of proving its contention that the claimant is disqualified from receiving benefits. Nor can we say that the employee was entirely blameless and that she is entitled to the statutory benefits. We simply cannot make a finding with any certainty either way grounded on the things shown by the unsatisfactory record before us.
149 So.2d at 627. The "unsatisfactory record" was caused by the fact that the stenographer either did not hear or was unable to write down everything the witnesses said, and the transcribed testimony had many blank spaces where the testimony of witnesses was omitted. Id. at 626. The court noted that it was unable to determine what part, if any, of the testimony of the employer's representative was based on personal knowledge and what part was hearsay. Id.
The instant case is clearly distinguishable from Fruchtzweig. Not only is the record complete and "satisfactory" in this case, but, as the Office admits, all the evidence presented by the employer was hearsay. Moreover, we can easily determine on the basis of the record before us in this case that the employer simply failed to carry its burden of proof because it failed to present the testimony of the only person who had personal knowledge of Ms. Holmes' work record. Essentially, the record in this case is completely devoid of any legal, competent evidence to support the decision disqualifying Ms. Holmes.
The other case cited by the Office, Lee, 148 So.2d 321, provides even less justification for remanding the case under the circumstances in the instant case. In Lee, the court's decision to remand the case was based on its analysis of jurisprudence holding that once the courts had excluded the incompetent evidence in the record, it was unable to "make a finding with any certainty either way on the basis of the thus-abbreviated record." Id. at 325-26. In reaching that conclusion, the court specifically found that the case represented "one of those relatively rare instances where a remand for additional evidence should be ordered, rather than a decree that the claimant should receive benefits because the employer did not produce sufficient competent evidence at the hearing to prove disqualification." Id. at 325. The Lee case also cited the following general rule: "administrative findings will be set aside on judicial review, if supported only by hearsay or other normally inadmissible evidence of a nature that does not afford the claimant a fair opportunity of rebuttal or cross-examination." Id.
Our review of the decisions of Louisiana appellate courts on this issue indicates that the above rule cited in Lee continues to apply today. Although courts occasionally order remands to the Board for the taking of additional evidence in cases involving UCB, the Office has not cited, and we have not found, a single case where a Louisiana court ordered a remand solely for the purpose of giving the employer a second chance to meet its burden of proving that the employee was disqualified from receiving UCB. Accordingly, we deny the Office's request that we remand the case to *661 the Board for the taking of additional evidence.
The wisdom of this conclusion can be illustrated by reference to the reasons cited by courts ordering remand during the past decade. First, we note that our research revealed only four cases since 1990 in which an appellate court remanded a UCB claim to the Board for the taking of additional evidence, a fact which lends credence to the statement in Lee that remand is appropriate only in "relatively rare instances." 148 So.2d at 325. Moreover, the courts ordered remands most commonly in cases where constitutional or procedural considerations demanded remand. See, e.g., Simmons v. Houston, 98-2662 (La.App. 4 Cir.5/12/99), 737 So.2d 220 (claimant improperly disqualified from receiving UCB on the ground that he voluntarily left his employment without good cause connected to his employment); Hughes v. Louisiana Power & Light Co., 98-1007 (La.App. 5 Cir.3/10/99), 735 So.2d 44 (claimant allowed to reactivate a UCB claim after his severance pay had ended); Hensel v. State, 95-135 (La.App. 5 Cir.5/30/95), 656 So.2d 1077 (district court ordered to properly address claimant's equal protection claim); Grider v. Administrator, Department of Employment Security, 564 So.2d 751 (La.App. 2 Cir.1990) (amendment to LSA-R.S. 23:1601(1) found be to an unconstitutional violation of the Equal Protection clauses).
Accordingly, the decision of the ALJ, the Board, and the trial court disqualifying Ms. Holmes from receiving UCB is reversed. The case is remanded for the sole purpose of allowing the Board to "enter an order in accordance with the mandate" of this decision. LSA-R.S. 23:1634(B). Accordingly, the Board is to enter an order awarding Ms. Holmes UCB. The Office shall not offer additional evidence on remand.
REVERSED AND REMANDED.