NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-86

LAFAYETTE CITY PARISH

CONSOLIDATED GOVERNMENT

VERSUS

RITA LAWRENCE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20204132
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery and D. Kent Savoie,
Judges.

APPEAL DISMISSED AS MOOT.

**Andre F. Toce**
**The Toce Firm, APLC**
**969 Coolidge Boulevard**
**Lafayette, LA 70503**
**(337) 233-6818**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Rita Lawrence**

**Michael O. Adley**
**Gibson Law Partners, LLC**
**2448 Johnston Street**
**Lafayette, LA 70503**
**(337) 761-6033**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Lafayette City Parish ConsolidatedGovernment**

**GREMILLION, Judge.**

On March 5, 2021, Appellee, Rita Lawrence (Lawrence), filed a motion to dismiss the instant appeal as moot. For the reasons that follow, we grant the motion and dismiss the appeal.

Lawrence alleges that she was injured on February 7, 2020, when a truck turned left in front of her, causing a serious crash. The truck was driven by Patrick Landry, an employee of the Appellant, Lafayette City-Parish Consolidated Government (LCG). Lawrence retained counsel who notified LCG of her representation. In response, LCG on February 18, 2020, requested that counsel provide notification prior to any surgery so that an additional medical opinion could be obtained. In a letter dated August 18, 2020, counsel for Lawrence indicated that he would not provide the requested notification.

LCG subsequently filed a Petition to Perpetuate Testimony and Compel Medical Examination on August 24, 2020. LCG explained in its petition that it sought to avoid the spoliation of evidence that may be caused by surgery. Lawrence filed Exceptions of No Right of Action and No Cause of Action. Following a hearing on November 9, 2021, the motion was denied, and the petition was dismissed. Notice of judgment was mailed to the parties on December 2, 2020, and LCG filed its motion and order for devolutive appeal that same day. The appeal was lodged in this court on January 8, 2021.

On February 3, 2021, Lawrence filed suit regarding the same matter, naming LCG and Mr. Landry. Lawrence states that she still has not discussed, considered, or undergone surgery. The instant appeal, Lawrence maintains, which seeks to force her to undergo a pre-suit medical examination by a physician of LCG's choice, has been rendered moot. Because LCG cannot obtain the relief requested

in this court, Lawrence concludes that any opinion of this court could only be hypothetical and advisory. Additionally, Lawrence asserts that the relief sought by LCG is available without any action by this court.

In support of her motion to dismiss, Lawrence cites *American Waste & Pollution Control Co. v. St. Martin Parish Police Jury*, 627 So.2d 158, 162 (La.1993), wherein the Louisiana Supreme Court stated, "Courts are not empowered to render advisory opinions on moot or abstract issues of law. (citations omitted)." Further, in *Ulrich v. Robinson*, 18-534, pp. 7-8 (La. 3/26/19), 282 So.3d 180, 186, the court stated, "In Louisiana, courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. (citation omitted)." "A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *St. Charles Parish School Bd. v. GAF Corp.,* 512 So.2d 1165, 1171 (La.1987), *on rehearing.*" *American Waste*, 627 So.2d at 161.

Lawrence urges that LCG's appeal, which seeks to force her to submit to a pre-suit medical examination by a physician of LCG's choice, has been rendered moot now that Lawrence has filed suit and has not yet had surgery. Lawrence states that LCG can attempt to obtain an Additional Medical Opinion through La.Code Civ.P. art. 1464, if it so chooses, through established procedures, jurisprudence, and standards for obtaining same. Lawrence concludes that this appeal is moot because this court cannot grant LCG any effective relief, and the appeal can have no practical effect. In other words, there is no justiciable controversy upon which a judgment of this court may effectively operate.

2

In opposition to the motion to dismiss the appeal, LCG argues that the motion is not only legally incorrect but also contains misrepresentations. Although Lawrence states that she has not considered, scheduled, or discussed surgery, after LCG's Petition to Perpetuate Testimony and Compel Medical Examination was denied, but prior to filing suit, Lawrence notified LCG that a surgical procedure had been recommended and that she intended to comply. Lawrence then suggested that LCG settle the matter. LCG points out that the surgical recommendation was issued prior to the hearing on its petition but that it was not revealed to counsel or the trial court.

LCG asserts that there is an applicable exception to the general rule of mootness upon which the court expounded in *Shepherd v. Schedler*, 15-1750, p. 14 (La. 1/27/16), 209 So.3d 752, 765:

> One of the well-established exceptions to the mootness doctrine was discussed in depth by this court in *State v. Rochon,* 11–0009 (La.10/25/11), 75 So.3d 876. Therein, the court noted that "[e]ven when seemingly no continuing controversy exists, federal courts apply an exception for challenged practices that are 'capable of repetition, yet evading review.'" *Rochon,* 11–0009 at 10, 75 So.3d at 884 (*quoting Spencer v. Kemna,* 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). The court explained: "Under this exception, a court may consider the merits of a case that would otherwise be deemed moot when the challenged action was in its duration too short to be fully appealed prior to its cessation or expiration and a reasonable expectation existed that the same complaining party would be subjected to a similar action." *Id.,* 11–0009 at 11, 75 So.3d at 884. In *Rochon,* the court pointed to the landmark abortion case of *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), as the "classic example" of this exception, while noting that cases challenging election laws typically fall under the exception. *Id.* ("[C]ases challenging election laws often fall within the 'capable of repetition, yet evading review' exception because 'the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits.'") (*quoting Porter v. Jones,* 319 F.3d 483, 490–91 (9th Cir.2003)).

LCG also cites *Chicago Tribune Co. v. Mauffray*, 08-522 (La.App. 3 Cir. 11/5/08), 996 So.2d 1273, wherein this court applied the exception to allow review of an order sealing a juvenile delinquency proceeding although the proceeding ended prior to appellate review. The court explained:

> In determining whether this case constitutes "an existing actual substantial dispute," this court, on its own motion, takes judicial notice of the fact that the proceedings in *State of Louisiana in the Interest of Mychal Bell,* juvenile case number J–4002, ended with a plea agreement between Mr. Bell and the State.*** Thus, it is unclear what practical relief, if any, would result from a judgment by this court. However, the United States Supreme Court has ruled in a similar case that, even where a judicial proceeding has long since ended, jurisdiction of the court is not, "necessarily defeated by the practical termination of a contest which is short-lived by nature.... If the underlying dispute is 'capable of repetition yet evading review'... it is not moot." *Richmond Newspapers, Inc., et al. v. Virginia,* 448 U.S. 555, 563, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (citations omitted).

*Id*. at 1277.

Also, in *Louisiana State Bd. of Nursing v. Gautreaux*, 09-1758, (La.App. 1 Cir. 6/11/10), 39 So.3d 806, *writ denied*, 10-1957 (La. 11/5/10), 50 So.3d 806, the court found that the case warranted an exception to the general rule of mootness to consider whether the Louisiana Board of Nursing had subpoena power over records in possession of the district attorney and sheriff's office even though the hearing for which the subpoenas were issued had concluded prior to appellate review. The court concluded:

> Because all of the events at issue took place within a five-month period of time, this is a matter that is "capable of repetition, yet evading review," and for that reason can be considered by this court though technically moot. *See Kirk v. State,* 526 So.2d 223, 226 n. 2 (La.1988). *See also Nebraska Press Association v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976). Therefore, we deny the motion to dismiss this appeal.

*Id*. at 812-813 (footnote omitted).

Likewise, LCG maintains, a petition to perpetuate testimony is too short in duration to be fully appealed prior to its ending. For example, LCG states that in any negligence action, the plaintiff must file suit within one year from the date of injury. La.Civ.Code art. 3492. The need to file a petition to perpetuate will often not arise until the plaintiff retains counsel and notifies the prospective defendant. The prospective defendant then has less than a year to file a petition to perpetuate testimony and fully appeal it. LCG urges that the process is too short in duration for a full appeal; thus, the issue will forever evade appellate review unless the appeal is considered.

LCG contends that it acted as expeditiously as possible in the instant case, but was unable to obtain appellate review prior to the end of the pre-suit action. The accident occurred on February 7, 2020, and in a letter dated August 18, 2020, Lawrence's counsel refused LCG's request to be notified prior to any surgery, effectually denying LCG the opportunity to obtain an additional medical opinion. LCG states that it was then forced to file its Petition to Perpetuate Testimony and Compel Medical Examination and had roughly half a year to have the petition/motion heard and appealed before the pre-suit action ended. LCG explains that the petition was filed on August 24, 2020, six days after receiving the letter from Lawrence's counsel. Following the denial of the petition and accompanying motion, LCG filed its motion and order for devolutive appeal on the day notice of judgment was mailed to the parties, December 2, 2020. After the appeal was lodged, this court issued a briefing deadline of February 22, 2021, fifteen days after the prescriptive period for Lawrence to file suit. As such, despite LCG's best efforts, LCG states that the duration of the pre-suit action was simply too short for a full appeal prior to its end.

5

Lastly, LCG asserts that LCG and other similarly situated prospective defendants will be faced with this issue again. LCG adds that it will continue to file petitions to perpetuate testimony and compel medical examination but due to the short nature of the proceeding, it will never have an opportunity for appellate review. Since this appeal presents an issue that is "capable of repetition yet evading review," LCG concludes that the issue is not moot and that Lawrence's motion to dismiss should be denied.

Although LCG did not delay in filing its Petition to Perpetuate Testimony and Compel Medical Examination or in filing its appeal of the ruling at issue, we nonetheless find that this appeal is moot because there is no justiciable controversy upon which a judgment of this court may effectively operate. Lawrence filed suit on February 3, 2021, rendering moot the issue of whether the trial court erred in denying LCG's motion to compel Lawrence to submit to a pre-suit medical examination. Accordingly, we dismiss the instant appeal.

**APPEAL DISMISSED AS MOOT.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.